## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OPTICAL MEMORY STORAGE, LLC**<br><br>Plaintiff,<br>v.<br><br>**CMC MAGNETICS CORP.,**<br>**HOTAN CORP.,**<br>**FUJIFILM HOLDINGS CORP.,**<br>**FUJIFILM HOLDINGS AMERICA**<br>**CORP.,**<br>**FUJIFILM NORTH AMERICA CORP.,**<br>**f/k/a FUJIFILM U.S.A., INC.,**<br>**FUJIFILM RECORDING MEDIA U.S.A.,**<br>**INC.,**<br>**HEWLETT-PACKARD CO.,**<br>**IMATION CORP.,**<br>**MOSER BAER INDIA LIMITED,**<br>**RITEK CORP.,**<br>**ADVANCED MEDIA, INC.,**<br>**KONINKLIJKE PHILIPS ELECTRONICS**<br>**N.V.,**<br>**PHILIPS ELECTRONICS NORTH**<br>**AMERICA CORP.,**<br>**PANASONIC CORP.,**<br>**PANASONIC CORP. OF NORTH**<br>**AMERICA,** and<br>**WAL-MART STORES, INC.,**<br><br>Defendants. | Civil Action No. 2:11-cv-12566<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Optical Memory Storage, LLC ("OMS") files this First Amended Complaint

against CMC Magnetics Corp., Hotan Corp., FUJIFILM Holdings Corp., FUJIFILM Holdings

America Corp., FUJIFILM North America Corp. f/k/a FUJIFILM U.S.A., Inc., FUJIFILM

Recording Media U.S.A., Inc., Hewlett-Packard Co., Imation Corp., Moser Baer India Limited,

Ritek Corp., Advanced Media, Inc., Koninklijke Philips Electronics N.V., Philips Electronics

1

North America Corp., Panasonic Corp., Panasonic Corp. of North America, and Wal-Mart

Stores, Inc. (collectively referred to as "Defendants") for infringement of U.S. Patent No.

5,128,099 ("the '099 patent"), U.S. Patent No. 6,011,757 ("the '757 patent"), and/or U.S. Patent

No. 5,335,219 ("the '219 patent") (collectively the "patents in suit").

## BACKGROUND

The technology claimed in the patents in suit focuses on optical recording mediums and

phase change materials that are commonly found in rewritable CDs ("CD-RW"), DVDs ("DVD-

RW") and Blue-Ray (BD-RE) discs.  Stanford R. Ovshinsky, who resides and works in the

Detroit, Michigan area, is a named inventor on each of the patents in suit.  He is also world

renowned as the father of phase-change media and rewritable optical discs such as CD-RW,

DVD-RW and BD-RE.  The founders of Sony, Sharp and several other technology companies

have repeatedly called on Mr. Ovshinsky's expertise and he has been recognized by the Public

Broadcasting Station as "Japan's American Genius."  Mr. Ovshinsky is a named inventor on

hundreds of patents for his innovative work, not only in phase change materials and optical

recording mediums, but also for the nickel-metal hydride battery, flat-panel display technology,

non-silver photography, hydrogen storage materials and thin film solar cell technology.  In 1960

Mr. Ovshinsky and his wife formed Energy Conversion Devices, Inc., where he worked until

2007.  In 2007, Mr. Ovshinsky left Energy Conversion Devices, Inc. and founded a new

company, Ovshinsky Innovations, LLC, where he continues to work on developing revolutionary

technologies in the Detroit area.

## THE PARTIES

1.      OMS is a Delaware limited liability company with its principal place of business

at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.  OMS is the

exclusive licensee of the patents in suit with the right to enforce the patents.

## CMC

2.       On information and belief, CMC Magnetics Corp. is incorporated under the laws of Taiwan with its principal place of business at 53 Ming Chuan West Road, 15th Floor, Taipei, Taiwan, R.O.C.  CMC Magnetics Corp. may be served at its principal place of business at 53 Ming Chuan West Road, 15th Floor, Taipei, Taiwan, R.O.C.

3.       On information and belief, Hotan Corp. is a wholly-owned subsidiary of CMC Magnetics Corp. and is a California corporation with its principal place of business at 751 North Canyon Parkway, Livermore, California 94551-9479.  Hotan Corp.'s registered agent for service in California is Robert Tsai, 751 North Canyons Parkway, Livermore, California 94551. Defendants CMC Magnetics Corp. and Hotan Corp. are collectively referred to as "CMC."

4.       On information and belief, this Court has personal jurisdiction over CMC because CMC has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

## FUJIFILM

5.       On information and belief, FUJIFILM Holdings Corp. is incorporated under the laws of Japan with its principal place of business at Midtown West, 7-3, Akaska 9-chome, Minato-ku, Tokyo, 107-0052, Japan.  FUJIFILM Holdings Corp. may be served at its principal place of business at Midtown West, 7-3, Akaska 9-chome, Minato-ku, Tokyo, 107-0052, Japan.

6.       On information and belief, FUJIFILM Holdings America Corp. is a Delaware corporation and is a wholly owned subsidiary of FUJIFILM Corporation, which is a wholly owned subsidiary of FUJIFILM Holdings Corporation.  On information and belief FUJIFILM

Holdings America Corp. has a principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595.  FUJIFILM Holding America Corp.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.      On information and belief, FUJIFILM North America Corporation f/k/a FUJIFILM U.S.A., Inc., is a New York corporation and wholly-owned subsidiary of FUJIFILM Holdings America Corp. with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595.  FUJIFILM North America Corporation's registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      On information and belief, FUJIFILM Recording Media U.S.A., Inc. is a Delaware corporation and a wholly owned subsidiary of FUJIFILM Holdings America Corp. with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595. FUJIFILM Recording Media U.S.A., Inc.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendants FUJIFILM Holdings Corp., FUJIFILM Holdings America Corp., FUJIFILM North America Corp., and FUJIFILM Recording Media U.S.A., Inc. are collectively referred to as "FUJIFILM."

9.      On information and belief, this Court has personal jurisdiction over FUJIFILM because FUJIFILM has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

4

**HEWLETT-PACKARD**

10.     On information and belief, Hewlett-Packard Co. is a California corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304-1185. Hewlett Packard Co.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant Hewlett-Packard Co. is referred to as "HP."

11.     On information and belief, this Court has personal jurisdiction over HP  because HP has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

**IMATION**

12.     On information and belief, Imation Corp. is a Delaware corporation with its principal place of business at 1 Imation Way, Oakdale, Minnesota 55128-3414.  Imation Corp.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendant Imation Corp. is referred to as "Imation."

13.      On information and belief, this Court has personal jurisdiction over Imation because Imation has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

**MOSER BAER**

14.     On information and belief, Moser Baer India Limited is incorporated under the laws of India with its principal place of business at 43B, Okhla Industrial Estate, New Delhi,

5

India 110020.  Moser Baer India Limited may be served at its principal place of business at 43B, Okhla Industrial Estate, New Delhi, India 110020.

15.     On information and belief, this Court has personal jurisdiction over Moser Baer because Moser Baer has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

## RITEK

16.     On information and belief, Ritek Corporation is incorporated under the laws of Taiwan with its principal place of business at 42, Kuan-Fu North Road, Hsin-Chu Industrial Park, 30316, Taiwan.  Ritek Corporation may be served at its principal place of business at 42, Kuan-Fu North Road, Hsin-Chu Industrial Park, 30316, Taiwan.

17.     On information and belief, Advanced Media, Inc., d/b/a Ritek USA, is an indirect subsidiary of Ritek Corp. with its principal place of business at 1440 Bridgegate Drive, Suite 395, Diamond Bar, California 91765.  Advanced Media, Inc.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Defendants Ritek Corp. and Advanced Media, Inc. are collectively referred to as "Ritek."

18.     On information and belief, this Court has personal jurisdiction over Ritek because Ritek has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

**PHILIPS**

19.     On information and belief, Koninklijke Philips Electronics N.V. is incorporated under the laws of the Netherlands with a principal place of business at Breitner Center, Amstelplein 2, Amsterdam, 1096 BC, Netherlands.  Koninklijke Philips Electronics N.V. may be served at its principal place of business at Breitner Center, Amstelplein 2, Amsterdam, 1096 BC, Netherlands.

20.     On information and belief, Philips Electronics North America Corp. is a Delaware corporation and a wholly-owned subsidiary of Koninklijke Philips Electronics N.V. with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.  Philips Electronics North America Corp.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corp. are collectively referred to as "Philips."

21.     On information and belief, this Court has personal jurisdiction over Philips because Philips has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

**PANASONIC**

22.     On information and belief, Panasonic Corporation is incorporated under the laws of Japan with a principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.  Panasonic may be served at its principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

7

23.     On information and belief, Panasonic Corporation of North America is a Delaware corporation and a wholly-owned subsidiary of Panasonic Corporation with its principal place of business at One Panasonic Way, Secaucus, NJ 07094.  Panasonic Corporation of North America's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Defendants Panasonic Corp. and Panasonic Corp. of North America are collectively referred to as "Panasonic."

24.     On information and belief, this Court has personal jurisdiction over Panasonic because Panasonic has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

### WAL-MART STORES, INC.

25.     On information and belief, Wal-Mart Stores, Inc. is incorporated under the laws of Delaware with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Wal-Mart's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Defendant Wal-Mart Stores, Inc. is hereinafter referred to as "Wal-Mart."

26.     On information and belief, this Court has personal jurisdiction over Wal-Mart because Wal-Mart has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district, has engaged in continuous and systematic activities in this judicial district and/or has consented to jurisdiction in this judicial district.

## JURISDICTION AND VENUE

27.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

28.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, has regular and established places of business in this judicial district,  and/or has consented to jurisdiction in this judicial district..

29.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Michigan Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Michigan residents.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 5,128,099)

30.     OMS incorporates paragraphs 1 through 29 herein by reference.

31.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

32.     OMS is the exclusive licensee of the '099 patent, entitled "Congruent State Changeable Optical Memory Material and Device," with ownership of all substantial rights in the '099 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '099 patent is attached as Exhibit A.

9

33.     The '099 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## INFRINGEMENT OF THE '099 PATENT BY CMC

34.     On information and belief, CMC is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW , DVD-RW, DVD-RAM, Mini CD-RW and BD-RE discs ("CMC '099 Discs"). CMC and users of CMC's '099 Discs have, at a minimum, directly infringed the '099 patent and CMC is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

35.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since CMC has been on notice of the '099 patent, CMC indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused product.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

36.     Since CMC was on notice of the '099 patent, CMC knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

37.     Since CMC was on notice of the '099 patent, CMC knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to CMC's actual knowledge, in accordance with

Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

38.     CMC had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

39.     Since CMC was on notice of the '099 patent, CMC intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

40.     Since CMC was on notice of the '099 patent, CMC knew or should have known that its actions would cause direct infringement by others.

41.     CMC  has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the CMC ' 099 discs to infringe in violation of 35 U.S.C. § 271 (b).

42.     CMC has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

43.     CMC has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

44.     CMC distributes the accused product that is purchased by its customers.

45.     CMC did not make any changes to its accused products or give its customers

11

instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

46.     CMC  has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '099 PATENT BY FUJIFILM

47.     On information and belief, FujiFilm is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW and DVD-RAM discs ("Fujifilm '099 Discs").  Fujifilm and users of Fujifilm's '099 Discs have, at a minimum, directly infringed the '099 patent and Fujifilm is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

48.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Fujifilm has been on notice of the '099 patent, Fujifilm indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

49.     Since Fujifilm was on notice of the '099 patent, Fujifilm knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

12

50.     Since Fujifilm was on notice of the '099 patent, Fujifilm knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Fujifilm's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

51.     Fujifilm had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

52.     Since Fujifilm was on notice of the '099 patent, Fujifilm intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

53.     Since Fujifilm was on notice of the '099 patent, Fujifilm knew or should have known that its actions would cause direct infringement by others.

54.     Fujifilm  has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Fujifilm '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

55.     Fujifilm has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

56.     Fujifilm has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

57.     Fujifilm distributes the accused product that is purchased by its customers.

58.     Fujifilm did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

59.     Fujifilm  has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INFRINGEMENT OF THE '099 PATENT BY HEWLETT PACKARD**

60.     On information and belief, HP is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW and DVD-RW discs ("HP '099 Discs").  HP and users of HP's '099 Discs have, at a minimum, directly infringed the '099 patent and HP is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

61.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since HP has been on notice of the '099 patent, HP indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

62.     Since HP was on notice of the '099 patent, HP knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

63.     Since HP was on notice of the '099 patent, HP knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent. While OMS cannot attest at this time to HP's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

64.     HP had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

65.     Since HP was on notice of the '099 patent, HP intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

66.     Since HP was on notice of the '099 patent, HP knew or should have known that its actions would cause direct infringement by others.

67.     HP has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the HP '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

68.     HP has not produced or relied upon an opinion of counsel related to the '099

15

patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

69.     HP has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

70.     HP distributes the accused product that is purchased by its customers.

71.     HP did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

72.     HP  has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### <u>INFRINGEMENT OF THE '099 PATENT BY IMATION</u>

73.     On information and belief, Imation is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW, and BD-RE discs ("Imation '099 Discs").  Imation and users of Imation's '099 Discs have, at a minimum, directly infringed the '099 patent and Imation is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

74.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Imation has been on notice of the

'099 patent, Imation indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

75.   Since Imation was on notice of the '099 patent, Imation knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

76.   Since Imation was on notice of the '099 patent, Imation knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Imation's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

77.   Imation had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

78.   Since Imation was on notice of the '099 patent, Imation intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

79.   Since Imation was on notice of the '099 patent, Imation knew or should have known that its actions would cause direct infringement by others.

80.     Imation has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Imation '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

81.     Imation has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

82.     Imation has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

83.     Imation distributes the accused product that is purchased by its customers.

84.     Imation did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

85.     Imation has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### INFRINGEMENT OF THE '099 PATENT BY MOSER BAER

86.     On information and belief, Moser Baer is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, DVD-RW and BD-RE discs ("Moser Baer '099 Discs").  Moser Baer and users of Moser Baer's '099 Discs have, at a minimum, directly infringed the '099

18

patent and Moser Baer is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

87.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Moser Baer has been on notice of the '099 patent, Moser Baer indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

88.     Since Moser Baer was on notice of the '099 patent, Moser Baer knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

89.     Since Moser Baer was on notice of the '099 patent, Moser Baer knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Moser Baer's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

90.     Moser Baer had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

91.     Since Moser Baer was on notice of the '099 patent, Moser Baer intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where

an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

92.     Since Moser Baer was on notice of the '099 patent, Moser Baer knew or should have known that its actions would cause direct infringement by others.

93.     Moser Baer has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Moser Baer '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

94.     Moser Baer has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

95.     Moser Baer has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

96.     Moser Baer distributes the accused product that is purchased by its customers.

97.     Moser Baer did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

98.     Moser Baer  has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '099 PATENT BY RITEK

99.     On information and belief, Ritek is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW, DVD-RAM and Mini DVD-RW discs ("Ritek '099 Discs").  Ritek and users of Ritek's '099 Discs have, at a minimum, directly infringed the '099 patent and Ritek is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

100.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Ritek has been on notice of the '099 patent, Ritek indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

101.    Since Ritek was on notice of the '099 patent, Ritek knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

102.    Since Ritek was on notice of the '099 patent, Ritek knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Ritek's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

103.    Ritek had knowledge of the '099 patent since at least the inception of this action

21

but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

104.     Since Ritek was on notice of the '099 patent, Ritek intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

105.     Since Ritek was on notice of the '099 patent, Ritek knew or should have known that its actions would cause direct infringement by others.

106.     Ritek has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Ritek '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

107.     Ritek has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

108.     Ritek has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

109.     Ritek distributes the accused product that is purchased by its customers.

110.     Ritek did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

111.     Ritek  has produced no evidence as to any investigation, design around or

22

remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '099 PATENT BY PHILIPS

112.    On information and belief, Philips is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by amount other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW  and BD-RE discs ("Philips '099 Discs").  Philips and users of Philips's '099 Discs have, at a minimum, directly infringed the '099 patent and Philips is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

113.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Philips has been on notice of the '099 patent, Philips indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

114.    Since Philips was on notice of the '099 patent, Philips knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

115.    Since Philips was on notice of the '099 patent, Philips knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Philips's actual knowledge, in accordance

23

with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

116.    Philips had knowledge of the '099 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

117.    Since Philips was on notice of the '099 patent, Philips intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

118.    Since Philips was on notice of the '099 patent, Philips knew or should have known that its actions would cause direct infringement by others.

119.    Philips has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Philips '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

120.    Philips has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

121.    Philips has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the lawsuit.

122.    Philips distributes the accused product that is purchased by its customers.

123.    Philips did not make any changes to its accused products or give its customers

24

instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

124.    Philips has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '099 PATENT BY PANASONIC

125.    On information and belief, Panasonic is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, DVD-RW and BD-RE discs ("Panasonic '099 Discs").  Panasonic and users of Panasonic '099 Discs have, at a minimum, directly infringed the '099 patent and Panasonic is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

126.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Panasonic has been on notice of the '099 patent, Panasonic indirectly infringes at least claim 1 of the '099 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

127.    Since Panasonic was on notice of the '099 patent Panasonic knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

128. Since Panasonic was on notice of the '099 patent, Panasonic knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent. While OMS cannot attest at this time to Panasonic's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

129. Panasonic had knowledge of the '099 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No. 2:11-cv-13110, (EDMI) matter, a companion action, but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

130. Since Panasonic was on notice of the '099 patent, Panasonic intended to cause the acts of others that constitute the direct infringement of the '099 patent. As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence. In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

131. Since Panasonic was on notice of the '099 patent, Panasonic knew or should have known that its actions would cause direct infringement by others.

132. Panasonic has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Panasonic '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

133. Panasonic has not produced or relied upon an opinion of counsel related to the '099 patent. In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

26

134.    Panasonic has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

135.    Panasonic distributes the accused product that is purchased by its customers.

136.    Panasonic did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

137.    Panasonic has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '099 PATENT BY WAL-MART

138.    On information and belief, Wal-Mart is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to Ritek '099 Discs, Moser Baer '099 Discs, Philips '099 Discs, Imation '099 Discs, HP'099  Discs, FUJIFILM '099 Discs, CMC '099 Discs and/or Panasonic '099 Discs ("Wal-Mart '099 Discs").  Wal-Mart and users of Wal-Mart '099 Discs have, at a minimum, directly infringed the '099 patent and Wal-Mart is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

139.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Wal-Mart has been on notice of the '099 patent, Wal-Mart indirectly infringes at least claim 1 of the '099 patent by inducing buyers

27

to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

140.    Since Wal-Mart was on notice of the '099 patent Wal-Mart knowingly induced infringement of at least claim 1 of the '099 patent and possessed specific intent to encourage others' infringement.

141.    Since Wal-Mart was on notice of the '099 patent, Wal-Mart knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '099 patent.  While OMS cannot attest at this time to Wal-Mart's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

142.    Wal-Mart had knowledge of the '099 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No.  2:11-cv-13110, (EDMI) matter, a companion action, but continues to cause others to use the infringing product in accord with at least claim 1 of the '099 patent.

143.    Since Wal-Mart was on notice of the '099 patent, Wal-Mart intended to cause the acts of others that constitute the direct infringement of the '099 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

144.    Since Wal-Mart was on notice of the '099 patent, Wal-Mart knew or should have known that its actions would cause direct infringement by others.

28

145.    Wal-Mart has and continues to indirectly infringe at least claim 1 of the '099 patent by inducing others including purchasers of the Wal-Mart '099 discs to infringe in violation of 35 U.S.C. § 271 (b).

146.    Wal-Mart has not produced or relied upon an opinion of counsel related to the '099 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

147.    Wal-Mart has been on notice of the '099 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

148.    Wal-Mart distributes the accused product that is purchased by its customers.

149.    Wal-Mart did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

150.    Wal-Mart has produced no evidence as to any investigation, design around or remedial actions with respect to the '099 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

151.    OMS has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to OMS in an amount that adequately compensates OMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

152.    Further, the infringement by each Defendant identified in this Count has been willful as each such Defendant has had notice of the '099 patent since at least service of Plaintiff's First Complaint on such Defendant and/or its affiliated entity identified herein.  With

29

knowledge of the '099 patent, each such Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '099 patent and a subjective knowledge or obviousness of such risk.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,011,757)

153.  OMS incorporates paragraphs 1 through 152 herein by reference.

154.  This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

155.  OMS is the exclusive licensee of the '757 patent, entitled "Optical Recording Media Having Increased Erasability," with ownership of all substantial rights in the '757 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '757 patent is attached as Exhibit B.

156.  The '757 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## INFRINGEMENT OF THE '757 PATENT BY CMC

157.  On information and belief, CMC is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, Philips CD-RW, Philips DVD-RW, Philips BD-RE and Hotan CD RW discs ("CMC '757 Discs").  CMC and users of CMC '757 Discs have, at a minimum, directly infringed the '757 patent and CMC is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

30

158.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since CMC has been on notice of the '757 patent, CMC indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

159.    Since CMC was on notice of the '757 patent, CMC knowingly induced infringement of at least claim 1  of the '757 patent and possessed specific intent to encourage others' infringement.

160.    Since CMC was on notice of the '757 patent, CMC knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to CMC's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

161.    CMC had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

162.    Since CMC was on notice of the '757 patent, CMC intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

163.    Since CMC was on notice of the '757 patent, CMC knew or should have

31

known that its actions would cause direct infringement by others.

164.    CMC  has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the CMC '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

165.    CMC has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

166.    CMC has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

167.    CMC distributes the accused product that is purchased by its customers.

168.    CMC did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

169.    CMC  has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '757 PATENT BY FUJIFILM

170.    On information and belief, FUJIFILM is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, CD-RW, DVD-RW and BD-RE discs ("FUJIFILM '757 Discs").

FUJIFILM and users of FUJIFILM '757 Discs have, at a minimum, directly infringed the '757 patent and FUJIFILM is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

171.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Fujifilm has been on notice of the '757 patent, Fujifilm indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

172.    Since Fujifilm was on notice of the '757 patent, Fujifilm knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

173.    Since Fujifilm was on notice of the '757 patent, Fujifilm knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Fujifilm's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

174.    Fujifilm had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

175.    Since Fujifilm was on notice of the '757 patent, Fujifilm intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer

who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

176.    Since Fujifilm was on notice of the '757 patent, Fujifilm knew or should have known that its actions would cause direct infringement by others.

177.    Fujifilm  has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Fujifilm '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

178.    Fujifilm has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

179.    Fujifilm has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

180.    Fujifilm distributes the accused product that is purchased by its customers.

181.    Fujifilm did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

182.    Fujifilm  has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INFRINGEMENT OF THE '757 PATENT BY HP**

183.    On information and belief, HP is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the

United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, CD-RW and DVD+RW discs ("HP '757 Discs").  HP and users of HP '757 Discs have, at a minimum, directly infringed the '757 patent and HP is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

184.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since HP has been on notice of the '757 patent, HP indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

185.    Since HP was on notice of the '757 patent, HP knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

186.    Since HP was on notice of the '757 patent, HP knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent. While OMS cannot attest at this time to HP's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

187.    HP had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

188.    Since HP was on notice of the '757 patent, HP intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp.*

*v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

189.    Since HP was on notice of the '757 patent, HP knew or should have known that its actions would cause direct infringement by others.

190.    HP has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the HP '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

191.    HP has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

192.    HP has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

193.    HP distributes the accused product that is purchased by its customers.

194.    HP did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

195.    HP  has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INFRINGEMENT OF THE '757 PATENT BY IMATION**

196.     On information and belief, Imation is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, CD-RW, DVD+RW, DVD-RW and BD-RE discs ("Imation '757 Discs").  Imation and users of Imation '757 Discs have, at a minimum, directly infringed the '757 patent and Imation is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

197.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Imation has been on notice of the '757 patent, Imation indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

198.     Since Imation was on notice of the '757 patent, Imation knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

199.     Since Imation was on notice of the '757 patent, Imation knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Imation's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

200.    Imation had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

201.    Since Imation was on notice of the '757 patent, Imation intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

202.    Since Imation was on notice of the '757 patent, Imation knew or should have known that its actions would cause direct infringement by others.

203.    Imation has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Imation '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

204.    Imation has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

205.    Imation has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

206.    Imation distributes the accused product that is purchased by its customers.

207.    Imation did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

208.     Imation  has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '757 PATENT BY MOSER BAER

209.     On information and belief, Moser Baer is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, CD-RW, DVD+RW, DVD-RW and BD-RE discs ("Moser Baer '757 Discs").  Moser Baer and users of Moser Baer '757 Discs have, at a minimum, directly infringed the '757 patent and Moser Baer is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

210.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Moser Baer has been on notice of the '757 patent, Moser Baer indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

211.     Since Moser Baer was on notice of the '757 patent, Moser Baer knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

39

212.    Since Moser Baer was on notice of the '757 patent, Moser Baer knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Moser Baer's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

213.    Moser Baer had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

214.    Since Moser Baer was on notice of the '757 patent, Moser Baer intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

215.    Since Moser Baer was on notice of the '757 patent, Moser Baer knew or should have known that its actions would cause direct infringement by others.

216.    Moser Baer has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Moser Baer '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

217.    Moser Baer has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

40

218. Moser Baer has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

219. Moser Baer distributes the accused product that is purchased by its customers.

220. Moser Baer did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

221. Moser Baer has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '757 PATENT BY RITEK

222. On information and belief, Ritek is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, DVD-RW and BD-RE discs ("Ritek '757 Discs").  Ritek and users of Ritek '757 Discs have, at a minimum, directly infringed the '757 patent and Ritek is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

223. Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Ritek has been on notice of the '757 patent, Ritek indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

224.    Since Ritek was on notice of the '757 patent, Ritek knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

225.    Since Ritek was on notice of the '757 patent, Ritek knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Ritek's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

226.    Ritek had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

227.    Since Ritek was on notice of the '757 patent, Ritek intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

228.    Since Ritek was on notice of the '757 patent, Ritek knew or should have known that its actions would cause direct infringement by others.

229.    Ritek has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Ritek  '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

230.    Ritek has not produced or relied upon an opinion of counsel related to the '757

42

patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

231.    Ritek has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

232.    Ritek distributes the accused product that is purchased by its customers.

233.    Ritek did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

234.    Ritek has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '757 PATENT BY PHILIPS

235.    On information and belief, Philips is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, CD-RW, DVD-RW and BD-RE discs ("Philips '757 Discs").  Philips and users of Philips '757 Discs have, at a minimum, directly infringed the '757 patent and Philips is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

236.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Philips has been on notice of the '757 patent, Philips indirectly infringes at least claim 1 of the '757 patent by inducing buyers to

use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

237.    Since Philips was on notice of the '757 patent, Philips knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

238.    Since Philips was on notice of the '757 patent, Philips knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Philips's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

239.    Philips had knowledge of the '757 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

240.    Since Philips was on notice of the '757 patent, Philips intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

241.    Since Philips was on notice of the '757 patent, Philips knew or should have known that its actions would cause direct infringement by others.

242.    Philips has and continues to indirectly infringe at least claim 1 of the '757 patent by

inducing others including purchasers of the Philips '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

243.    Philips has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

244.    Philips has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the lawsuit.

245.    Philips distributes the accused product that is purchased by its customers.

246.    Philips did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

247.    Philips has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '757 PATENT BY PANASONIC

248.    On information and belief, Panasonic is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, DVD-RW, and BD-RE discs ("Panasonic '757 Discs").  Panasonic and users of Panasonic '757 Discs have, at a minimum, directly infringed the '757 patent and

Panasonic is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

249.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Panasonic has been on notice of the '757 patent, Panasonic indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

250.    Since Panasonic was on notice of the '757 patent, Panasonic knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

251.    Since Panasonic was on notice of the '757 patent, Panasonic knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Panasonic's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

252.    Panasonic had knowledge of the '757 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No.  2:11-cv-13110, (EDMI) matter, a companion action, but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

253.    Since Panasonic was on notice of the '757 patent, Panasonic intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer

46

who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

254.    Since Panasonic was on notice of the '757 patent, Panasonic knew or should have known that its actions would cause direct infringement by others.

255.    Panasonic has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Panasonic '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

256.    Panasonic has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

257.    Panasonic has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

258.    Panasonic distributes the accused product that is purchased by its customers.

259.    Panasonic did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

260.    Panasonic has produced no evidence as to any investigation, design around or remedial actions with respect to the '757 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### INFRINGEMENT OF THE '757 PATENT BY WAL-MART

261.    On information and belief, Wal-Mart is jointly, directly and/or indirectly infringing one or more claims of the '757 patent in this judicial district and elsewhere in

Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '757 patent including, but not limited to, Ritek '757 Discs, Moser Baer '757 Discs, Philips '757 Discs, Imation '757 Discs, HP '757 Discs, FUJIFILM '757 Discs, CMC '757 Discs and/ Panasonic '757 Discs ("Wal-Mart '757 Discs").  Wal-Mart and users of Wal-Mart Discs have, at a minimum, directly infringed the '757 patent and Wal-Mart is thereby jointly and severally liable for infringement of the '757 patent pursuant to 35 U.S.C. § 271.

262.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Wal-Mart has been on notice of the '757 patent, Wal-Mart indirectly infringes at least claim 1 of the '757 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

263.    Since Wal-Mart was on notice of the '757 patent, Wal-Mart knowingly induced infringement of at least claim 1 of the '757 patent and possessed specific intent to encourage others' infringement.

264.    Since Wal-Mart was on notice of the '757 patent, Wal-Mart knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '757 patent.  While OMS cannot attest at this time to Wal-Mart's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

265.    Wal-Mart had knowledge of the '757 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No.  2:11-cv-13110,

(EDMI) matter, a companion action, but continues to cause others to use the infringing product in accord with at least claim 1 of the '757 patent.

266.    Since Wal-Mart was on notice of the '757 patent, Wal-Mart intended to cause the acts of others that constitute the direct infringement of the '757 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

267.    Since Wal-Mart was on notice of the '757 patent, Wal-Mart knew or should have known that its actions would cause direct infringement by others.

268.    Wal-Mart has and continues to indirectly infringe at least claim 1 of the '757 patent by inducing others including purchasers of the Wal-Mart '757 discs to infringe in violation of 35 U.S.C. § 271 (b).

269.    Wal-Mart has not produced or relied upon an opinion of counsel related to the '757 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

270.    Wal-Mart has been on notice of the '757 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

271.    Wal-Mart distributes the accused product that is purchased by its customers.

272.    Wal-Mart did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

273.    Wal-Mart has produced no evidence as to any investigation, design around or

49

remedial actions with respect to the '757 patent. In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

274. OMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to OMS in an amount that adequately compensates OMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

275. Further, the infringement by each Defendant identified in this Count has been willful as each such Defendant has had notice of the '757 patent since at least service of this Amended Complaint on such Defendant and/or its affiliated entity identified herein. With knowledge of the '757 patent, each such Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '757 patent and a subjective knowledge or obviousness of such risk.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 5,335,219)

276. OMS incorporates paragraphs 1 through 275 herein by reference.

277. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

278. OMS is the exclusive licensee of the '219 patent, entitled "Homogenous Composition of Microcrystalline Semiconductor Material, Semiconductor Devices and Directly Overwritable Memory Elements Fabricated Therefrom, and Arrays Fabricated From the Memory Elements," with ownership of all substantial rights in the '219 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '219 patent is attached as Exhibit C.

50

279.    The '219 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## INFRINGEMENT OF THE '219 PATENT BY CMC

280.    On information and belief, CMC is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, Philips CD-RW, Philips DVD-RW, Philips BD-RE, and Hotan CD-RW, ("CMC '219 Discs"). CMC and users of CMC '219 Discs have, at a minimum, directly infringed the '219 patent and CMC is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

281.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since CMC has been on notice of the '219 patent, CMC indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

282.    Since CMC was on notice of the '219 patent, CMC knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

283.    Since CMC was on notice of the '219 patent, CMC knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to CMC's actual knowledge, in accordance with

51

Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

284.    CMC had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product n accord with at least claim 1 of the '219 patent.

285.    Since CMC was on notice of the '219 patent, CMC intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

286.    Since CMC was on notice of the '219 patent, CMC knew or should have known that its actions would cause direct infringement by others.

287.    CMC  has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the CMC '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

288.    CMC has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

289.    CMC has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

290.    CMC distributes the accused product that is purchased by its customers.

291.    CMC did not make any changes to its accused products or give its customers

52

instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

292.    CMC  has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '219 PATENT BY FUJIFILM

293.    On information and belief, FUJIFILM is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW, DVD+RW, and DVD-RW discs ("FUJIFILM '219 Discs").  FUJIFILM and users of FUJIFILM '219 Discs have, at a minimum, directly infringed the '219 patent and FUJIFILM is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

294.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since FujiFilm has been on notice of the '219 patent, FujiFilm indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

295.    Since FujiFilm was on notice of the '219 patent, FujiFilm knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

296.    Since FujiFilm was on notice of the '219 patent, FujiFilm knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to FujiFilm's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

297.    FujiFilm had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

298.    Since FujiFilm was on notice of the '219 patent, FujiFilm intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

299.    Since FujiFilm was on notice of the '219 patent, FujiFilm knew or should have known that its actions would cause direct infringement by others.

300.    FujiFilm  has and continues to indirectly infringe claim ___ of the '219 patent by inducing others including purchasers of the FujiFilm '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

301.    FujiFilm has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

302.    FujiFilm has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

303.    FujiFilm distributes the accused product that is purchased by its customers.

304.    FujiFilm did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

305.    FujiFilm  has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '219 PATENT BY HP

306.    On information and belief, HP is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW and DVD+RW discs ("HP '219 Discs").  HP and users of HP '219 Discs have, at a minimum, directly infringed the '219 patent and HP is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

307.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since HP has been on notice of the '219 patent, HP indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

55

308.    Since HP was on notice of the '219 patent, HP knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

309.    Since HP was on notice of the '219 patent, HP knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent. While OMS cannot attest at this time to HP's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

310.    HP had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

311.    Since HP was on notice of the '219 patent, HP intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

312.    Since HP was on notice of the '219 patent, HP knew or should have known that its actions would cause direct infringement by others.

313.    HP  has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the HP '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

314.    HP has not produced or relied upon an opinion of counsel related to the '219

56

patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

315.    HP has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

316.    HP distributes the accused product that is purchased by its customers.

317.    HP did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

318.    HP  has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## <u>INFRINGEMENT OF THE '219 PATENT BY IMATION</u>

319.    On information and belief, Imation is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW, DVD+RW and DVD-RW discs ("Imation '219 Discs").  Imation and users of Imation '219 Discs have, at a minimum, directly infringed the '219 patent and Imation is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

320.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Imation has been on notice of the '219 patent, Imation indirectly infringes at least claim 1 of the '219 patent by inducing buyers to

use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

321.    Since Imation was on notice of the '219 patent, Imation knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

322.    Since Imation was on notice of the '219 patent, Imation knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to Imation's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

323.    Imation had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with claim ____ of the '219 patent.

324.    Since Imation was on notice of the '219 patent, Imation intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

325.    Since Imation was on notice of the '219 patent, Imation knew or should have known that its actions would cause direct infringement by others.

326.    Imation  has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Imation '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

327.    Imation has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

328.    Imation has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

329.    Imation distributes the accused product that is purchased by its customers.

330.    Imation did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

331.    Imation  has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**INFRINGEMENT OF THE '219 PATENT BY MOSER BAER**

332.    On information and belief, Moser Baer is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW, DVD+RW and DVD-RW ("Moser Baer '219 Discs"). Moser Baer and users of Moser Baer '219 Discs have, at a minimum, directly infringed the '219

patent and Moser Baer is thereby jointly and severally liable for infringement of the '219 patent

pursuant to 35 U.S.C. § 271.

333.    Based on the information presently available to OMS, absent discovery, in the

alternative of direct infringement, OMS contends that since Moser Baer has been on notice of the

'219 patent, Moser Baer indirectly infringes at least claim 1 of the '219 patent by inducing

buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will

likely have additional evidentiary support after a reasonable opportunity for discovery on this

issue.

334.    Since Moser Baer was on notice of the '219 patent, Moser Baer knowingly

induced infringement of at least claim 1 of the '219 patent and possessed specific intent to

encourage others' infringement.

335.    Since Moser Baer was on notice of the '219 patent, Moser Baer knew or should

have known that its actions alleged herein would induce actual infringement of at least claim 1 of

the '219 patent.  While OMS cannot attest at this time to Imation's actual knowledge, in

accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support

after a reasonable opportunity for discovery on this issue.

336.    Moser Baer had knowledge of the '219 patent since at least the inception of this

action but continues to cause others to use the infringing product in accord with at least claim 1

of the '219 patent.

337.    Since Moser Baer was on notice of the '219 patent, Moser Baer intended to cause

the acts of others that constitute the direct infringement of the '219 patent.   As noted in

*Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be

established through circumstantial evidence.  In addition, "this intent may be established where

60

an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

338.    Since Moser Baer was on notice of the '219 patent, Moser Baer knew or should have known that its actions would cause direct infringement by others.

339.    Moser Baer  has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Moser Baer '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

340.    Moser Baer has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

341.    Moser Baer has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

342.    Moser Baer distributes the accused product that is purchased by its customers.

343.    Moser Baer did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

344.    Moser Baer  has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INFRINGEMENT OF THE '219 PATENT BY RITEK**

345.    On information and belief, Ritek is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW, DVD-RW, DVD+RW,  and Mini DVD-RW discs ("Ritek '219 Discs").  Ritek and users of Ritek '219 Discs have, at a minimum, directly infringed the '219 patent and Ritek is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

346.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Ritek has been on notice of the '219 patent, Ritek indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

347.    Since Ritek was on notice of the '219 patent, Ritek knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

348.    Since Ritek was on notice of the '219 patent, Ritek knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to Ritek's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

62

349.    Ritek had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

350.    Since Ritek was on notice of the '219 patent, Ritek intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

351.    Since Ritek was on notice of the '219 patent, Ritek knew or should have known that its actions would cause direct infringement by others.

352.    Ritek has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Ritek '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

353.    Ritek has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

354.    Ritek has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

355.    Ritek distributes the accused product that is purchased by its customers.

356.    Ritek did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

63

357.    Ritek has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '219 PATENT BY PHILIPS

358.    On information and belief, Philips is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, CD-RW, DVD+RW and DVD-RW discs ("Philips '219 Discs").  Philips and users of Philips '219 Discs have, at a minimum, directly infringed the '219 patent and Philips is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

359.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Philips has been on notice of the '219 patent, Philips indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

360.    Since Philips was on notice of the '219 patent, Philips knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

361.    Since Philips was on notice of the '219 patent, Philips knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to Philips's actual knowledge, in accordance

64

with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

362.    Philips had knowledge of the '219 patent since at least the inception of this action but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

363.    Since Philips was on notice of the '219 patent, Philips intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

364.    Since Philips was on notice of the '219 patent, Philips knew or should have known that its actions would cause direct infringement by others.

365.    Philips has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Philips '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

366.    Philips has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

367.    Philips has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the lawsuit.

368.    Philips distributes the accused product that is purchased by its customers.

65

369.    Philips did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

370.    Philips has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '219 PATENT BY PANASONIC

371.    On information and belief, Panasonic is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, DVD-RW discs ("Panasonic '219 Discs").  Panasonic and users of Panasonic '219 Discs have, at a minimum, directly infringed the '219 patent and Panasonic is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

372.    Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Panasonic has been on notice of the '219 patent, Panasonic indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

373.     Since Panasonic s was on notice of the '219 patent, Panasonic knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

374.     Since Panasonic was on notice of the '219 patent, Panasonic knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to Panasonic's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

375.     Panasonic had knowledge of the '219 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No.  2:11-cv-13110, (EDMI) matter, a companion action,  but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

376.     Since Panasonic was on notice of the '219 patent, Panasonic intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

377.     Since Panasonic s was on notice of the '219 patent, Panasonic knew or should have known that its actions would cause direct infringement by others.

378.     Panasonic has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Panasonic '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

379.     Panasonic has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

380.     Panasonic has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

381.     Panasonic distributes the accused product that is purchased by its customers.

382.     Panasonic did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

383.     Panasonic has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INFRINGEMENT OF THE '219 PATENT BY WAL-MART

384.     On information and belief, Wal-Mart is jointly, directly and/or indirectly infringing one or more claims of the '219 patent in this judicial district and elsewhere in Michigan and the United States, including at least claim 1, by among other things, making, using, offering for sale, selling and/or importing apparatuses that infringe the '219 patent including, but not limited to, Ritek '219 Discs, Moser Baer '219 Discs, Philips '219 Discs, Imation '219 Discs, HP '219 Discs, FUJIFILM '219 Discs, CMC '219 Discs and/or Panasonic '219 Discs ("Wal-Mart '219 Discs").  Wal-Mart and users of Wal-Mart's '219 Discs have, at a minimum, directly infringed the '219 patent and Wal-Mart is thereby jointly and severally liable for infringement of the '219 patent pursuant to 35 U.S.C. § 271.

385.     Based on the information presently available to OMS, absent discovery, in the alternative of direct infringement, OMS contends that since Wal-Mart has been on notice of the '219 patent, Wal-Mart indirectly infringes at least claim 1 of the '219 patent by inducing buyers to use the accused apparatus.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

386.     Since Wal-Mart was on notice of the '219 patent, Wal-Mart knowingly induced infringement of at least claim 1 of the '219 patent and possessed specific intent to encourage others' infringement.

387.     Since Wal-Mart was on notice of the '219 patent, Wal-Mart knew or should have known that its actions alleged herein would induce actual infringement of at least claim 1 of the '219 patent.  While OMS cannot attest at this time to Wal-Mart's actual knowledge, in accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

388.     Wal-Mart had knowledge of the '219 patent since at least the inception of the *Optical Memory Storage Solutions, LLC v. CMC Magnetics, et al*, Case No.  2:11-cv-13110, (EDMI) matter, a companion action,  but continues to cause others to use the infringing product in accord with at least claim 1 of the '219 patent.

389.     Since Wal-Mart was on notice of the '219 patent, Wal-Mart intended to cause the acts of others that constitute the direct infringement of the '219 patent.   As noted in *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d, 683 (Fed. Cir. 2008), this intent can be established through circumstantial evidence.  In addition, "this intent may be established where an alleged infringer who '*knew or should have known* his actions would induce actual infringement,' is shown to have induced infringing acts through [its] actions." *Broadcom*, 543 F.3d at 699.

69

390.    Since Wal-Mart was on notice of the '219 patent, Wal-Mart knew or should have known that its actions would cause direct infringement by others.

391.    Wal-Mart has and continues to indirectly infringe at least claim 1 of the '219 patent by inducing others including purchasers of the Wal-Mart '219 discs to infringe in violation of 35 U.S.C. § 271 (b).

392.    Wal-Mart has not produced or relied upon an opinion of counsel related to the '219 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

393.    Wal-Mart has been on notice of the '219 patent and OMS's infringement contentions since at least the filing of the companion lawsuit.

394.    Wal-Mart distributes the accused product that is purchased by its customers.

395.    Wal-Mart did not make any changes to its accused products or give its customers instructions on how to avoid infringement after the lawsuit was filed. *Broadcom* 543 F.3d, at 700.

396.    Wal-Mart has produced no evidence as to any investigation, design around or remedial actions with respect to the '219 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), OMS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

397.    OMS has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to OMS in an amount that adequately compensates OMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

70

398.     Further, the infringement by each Defendant identified in this Count has been willful as each such Defendant has had notice of the '219 patent since at least service of this Amended Complaint on such Defendant and/or its affiliated entity identified herein.  With knowledge of the '219 patent, each such Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '219 patent and a subjective knowledge or obviousness of such risk.

## JURY DEMAND

OMS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

OMS requests that the Court find in its favor and against Defendants, and that the Court grant OMS the following relief:

a.     Judgment that one or more claims of the '099 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.     Judgment that one or more claims of the '757 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

c.     Judgment that one or more claims of the '219 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

d.     Judgment that Defendants account for and pay to OMS all damages to and costs incurred by OMS because of Defendants' infringing activities and other conduct complained of herein;

e.     Judgment that Defendants account for and pay to OMS a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

71

f.   That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiff's Original Complaint, at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

g.   That OMS be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

h.   That this Court declare this an exceptional case and award OMS its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

i.   That OMS be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED:   September 30, 2011            Respectfully submitted,

**THE SIMON LAW FIRM, PC**

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski
Anthony G. Simon
800 Market Street, Suite 1700
Saint Louis, Missouri 63101
P. 314-241-2929
F. 314-241-2029
teg@simonlawpc.com
asimon@simonlawpc.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2011, a copy of the foregoing was e-filed with the Court, which sent notice to all parties entitled to receive pleadings through the Court's CM/ECF system.

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski